Salamone v EIP Global Fund LLC (2021 NY Slip Op 02372)





Salamone v EIP Global Fund LLC


2021 NY Slip Op 02372


Decided on April 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 20, 2021

Before: Webber, J.P., Kern, Oing, González, JJ. 


Index No. 650374/20 Appeal No. 13617 Case No. 2020/04266 

[*1]Kenneth Salamone, Plaintiff-Appellant, 
v
EIP Global Fund LLC, et al., Defendants-Respondents.


Simon Lesser, PC, New York (Leonard F. Lesser of counsel), for appellant.
The Law Office of Thomas M. Mullaney, New York (Thomas M. Mullaney of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered July 13, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the causes of action based on the forbearance agreement and the cause of action for fraud, unanimously modified, on the law, to deny the motion as to the causes of action for judgments declaring that plaintiff was entitled to certain financial disclosure and to the membership interests under the forbearance agreement, and the cause of action for contractual attorneys' fees under the forbearance agreement, and otherwise affirmed, without costs.
Because the record is sufficient to permit a determination of plaintiff's estoppel argument, it may be considered for the first time on appeal (Chateau D'If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).
Turning to the merits, we find that plaintiff alleged sufficient facts to establish, a special relationship with defendant borrowers that would state a claim for estoppel, (see Seidel v 18 E. 17th St. Owners, 79 NY2d 735, 743 [1992]).
In the absence of estoppel, the forbearance agreement is otherwise void as usurious and the forbearance fee is properly considered interest. Its purpose, by plaintiff's own account, was to compensate him for losses he sustained by providing the loan to defendants, i.e., the cost of the funds (see General Obligations Law § 5-501[2]).
The fraud claim is based not merely on an undisclosed intention not to pay but on false written statements by defendant father as to the imminent receipt of funds by the corporate borrower that would allow repayment of the loan. However, the only damages plaintiff claims beyond those under the contracts are the opportunity costs of providing the funds to defendants for the loan, which are not recoverable in fraud (Lama Holding Co. v Smith Barney, 88 NY2d 413, 422 [1996]). Thus, the fraud claim, which otherwise arose from the same facts as those on which the contract claim is based, is duplicative of the contract claim (Halliwell v Gordon, 61 AD3d 932, 934 [2d Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2021