**Salamone v Deily & Glastetter, LLP**

2024 NY Slip Op 31569(U)

May 3, 2024

Supreme Court, New York County

Docket Number: Index No. 160104/2022

Judge: Shlomo S. Hagler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. SHLOMO S. HAGLER**                         PART                      **17**

*Justice*

------------------------------------------------------------------X

KENNETH SALAMONE,

                              Plaintiff,

                    - v -

DEILY & GLASTETTER, LLP, LEIGH A. HOFFMAN

                       Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160104/2022 |
| MOTION DATE | 02/20/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17

were read on this motion to/for                           **DISMISS**                      .

      In this legal malpractice action, defendants Deily & Glastetter, LLP (the "Firm") and

Leigh A. Hoffman, Esq. ("Hoffman") (together, "defendants") move, pursuant to CPLR 3211 (a)

(1) and (7), to dismiss the complaint brought by plaintiff Kenneth Salamone ("plaintiff").

## BACKGROUND

      The following facts are drawn from the verified complaint unless otherwise noted and are

assumed to be true for purposes of this motion.  Plaintiff engaged defendants to provide

counseling, advice and drafting services in connection with a loan and subsequent forbearance

agreement entered into between plaintiff and non-parties EIP Global Fund LLC ("EIP") and

Sridhar Chityala ("Sridhar") (the "Non-Party Borrowers").

      On or about October 10, 2019, non-party Sridhar approached plaintiff and requested a 30-

day loan of $5 million dollars (NYSCEF Doc. No. 1 [complaint], ¶ 11).[1]  After negotiations,

plaintiff agreed to loan non-party Sridhar and his company EIP, $2 million by liquidating a

---

[1] Sridhar and plaintiff were partners in a start-up venture company (*id.*, ¶ 10).

**160104/2022   SALAMONE, KENNETH vs. DEILY & GLASTETTER, LLP ET AL**
**Motion No.  001**

[* 1]

portion of his stock in Apple, Inc. ("Apple") (*id.*). Plaintiff engaged defendants to provide professional services in connection with said loan and asked defendants to draft a loan in the form of a Demand Note. The Demand Note provided that the Non-Party Borrowers would pay plaintiff the $2 million on demand or within thirty days, in addition to interest at a rate of ten percent per annum (*id.*, ¶¶ 17-18). The Demand Note was executed on October 11, 2019 and plaintiff wired the funds to the Non-Party Borrowers on that day (*id.*, ¶ 18).

The Non-Party Borrowers failed to pay back the Demand Note within the required thirty days (*id.*, ¶ 19). After numerous discussions between plaintiff and the Non-Party Borrowers, plaintiff agreed to not immediately file suit to collect on the loan and to provide the Non-Party Borrowers with additional time to repay the Demand Note (*id.*, ¶ 20). In connection therewith, plaintiff extended the deadline to repay the loan to December 17, 2019. The Non-Party Borrowers also agreed to "pay [p]laintiff an additional $300,000 to compensate him [plaintiff] for the lost opportunity damages as a result of not being able to repurchase the Apple stock [plaintiff] liquidated to fund the 30-day loan" (*id.*). Defendants counseled plaintiff to execute a forbearance agreement which included an increased interest rate of twenty per cent per annum, and the $300,000 which was referred to in the agreement as a Forbearance Fee (*id.*, ¶ 23).[2]

"Despite due demand, and repeated promises and assurances," the Non-Party Borrowers failed to pay plaintiff the amounts due and owing by the extended deadline (*id.*, ¶ 26). As a result, plaintiff commenced an action on January 16, 2020 against the Non-Party Borrowers under Index Number 650374/2020 asserting six causes of action ("Borrower Litigation") (*id.*, ¶

---

[2] The Forbearance and Security Agreement (the "Forbearance Agreement") was executed by the parties on November 27, 2019 and provided that plaintiff was to receive (i) security interests in Sridhar's interests in EIP and certain other LLPs pursuant to a Membership Pledge and Escrow Agreement (the "Membership Interests"); and (ii) additional attorney's fees (Index No. 650374/2020 [NYSCEF Doc. No. 4] [Forbearance Agreement ¶¶ 9, 13]; [NYSCEF Doc. No. 5] [Pledge Agreement]).

**160104/2022 SALAMONE, KENNETH vs. DEILY & GLASTETTER, LLP ET AL**
**Motion No. 001**

**Page 2 of 13**

27). On February 18, 2020, the Non-Party Borrowers filed a pre-answer motion to dismiss in the Borrower Litigation on grounds, *inter alia* that the Forbearance Fee was usurious rendering the Forbearance Agreement void (*id.*, ¶ 28).[3]

By Order, dated July 13, 2020, the Court (Hon. O. Peter Sherwood, J.S.C.) held:

"[T]he forbearance Fee constitutes interest for the purpose of usury law, and the Forbearance Agreement is void as usurious. Therefore, claim five, for attorneys' fees pursuant to that agreement, fails. Nonetheless, plaintiff's fourth cause of action, for breach of both the Forbearance Agreement and the underlying Demand Note, survives as far as it relates to the Demand Note because '[t]he validity of an indebtedness, originally valid, is not affected by the fact that it forms a part of the consideration for a subsequent usurious security which was substituted therefor, or by the fact that the subsequent transact[i]on is a mere cover for a usurious contract of forbearance'" (*Salamone v EIP Global Fund LLC*, 2020 WL 3961997 (NY Supreme Ct 2020 [Hon. O. Peter Sherwood, J.S.C.] at *4 *quoting Stitz v Stevens*, 70 AD2d 588, 589 [2d Dept 1979], *aff'd* 48 NY2d 957 [1979] ["Supreme Court Decision"]).[4]

On November 9, 2020, a Judgment was entered in favor of plaintiff and against the Non-Party Borrowers for a total of $2,262,702.44 (constituting the full amount owed under the Demand Note plus interest and attorneys' fees, minus the Forbearance Fee) (NYSCEF Doc. No. 8 [this action]). A Satisfaction of Judgment in the Borrower Litigation was filed with the Court on February 23, 2021 (NYSCEF Doc. No. 9, and NYSCEF Doc. No. 115 in the docket of the Borrower Litigation).

---

[3] On May 4, 2020, plaintiff filed a cross-motion in the Borrower Litigation seeking to convert the Non-Party Borrowers' motion to dismiss to a motion for partial summary judgment, and upon conversion, for an order granting plaintiff partial summary judgment on his third cause of action for breach of contract and fourth cause of action for contractual attorneys' fees (Borrower Litigation (Index No. 650374/2020) [NYSCEF Doc. No. 34]).

[4] Justice Sherwood granted plaintiff's request to convert the Non-Party Borrowers' motion to a motion for summary judgment, and dismissed plaintiff's cause of action seeking attorney's fees under the Forbearance Agreement, dismissed plaintiff's cause of action for a declaratory judgment that plaintiff is entitled to certain financial disclosure under the Forbearance Agreement and declined to consider plaintiff's claim for a declaratory judgment that he is entitled to delivery of the subject Membership Interests (*id.* at *5). The Court directed that the Non-Party Borrowers submit opposition to plaintiff's motion for summary judgment on the Demand Note within thirty days which they failed to do so. On August 25, 2020, the Court issued an oral decision granting plaintiff partial summary judgment and thereafter issued an order granting plaintiff summary judgment against the Non-Party Borrowers on plaintiff's breach of contract claim pertaining to the Demand Note (*see* Judgment in Borrower Litigation [filed under NYSCEF Doc. No. 8 in Index 160104/22]).

**160104/2022 SALAMONE, KENNETH vs. DEILY & GLASTETTER, LLP ET AL**
**Motion No. 001**

**Page 3 of 13**

[* 3]

On August 12, 2020, plaintiff filed a Notice of Appeal in the Borrower Litigation (NYSCEF Doc. No. 64). Plaintiff appealed from that part of the Supreme Court Decision that granted defendants' motion to dismiss plaintiff's breach of contract claims under the Forbearance Agreement, plaintiff's claims for contractual attorneys' fees under the Demand Note and Forbearance Agreement, and plaintiff's claims for fraud (*id.*).[5]

*First Department Decision*

By Order, entered April 20, 2021, the First Department modified the Supreme Court Decision and stated, in pertinent part, the following:

> "Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered July 13, 2020, which, to the extent appealed from. . . granted defendants' motion to dismiss the cause of action based on the forbearance agreement and the cause of action for fraud, unanimously modified, on the law, to deny the motion as to the causes of action for judgments declaring that plaintiff was entitled to certain financial disclosure and to the membership interests under the forbearance agreement, and the cause of action for contractual attorneys' fees under the forbearance agreement, and otherwise affirmed, without costs."

> "Because the record is sufficient to permit a determination of plaintiff's estoppel argument, it may be considered for the first time on appeal."

> "Turning to the merits, we find that plaintiff alleged sufficient facts to establish, a special relationship with defendant borrowers that would state a claim for estoppel."

> "In the absence of estoppel, the forbearance agreement is otherwise void as usurious and the forbearance fee is properly considered interest. Its purpose, by plaintiff's own account, was to compensate him for losses he sustained by providing the loan to defendants, i.e., the cost of the funds (*see* General Obligations Law § 5-501[2])" (*Salamone v EIP Global Fund LLC*, 193 AD3d 558, 558 [1st Dept 2021] ["First Department Decision"]).

On May 19, 2021, plaintiff moved for reconsideration of the First Department Decision (1st Dept Case No. 2020-04266, Doc. No. 13). In support, plaintiff stated in pertinent part:

---

[5] The Supreme Court Decision dismissed plaintiff's cause of action for fraud. There are no allegation pertaining to fraud in the within legal malpractice action. In addition, on August 13, 2020, plaintiff filed a motion to reargue the Supreme Court Decision (Borrower Litigation [NYSCEF Doc. No. 68]) which was denied by Order, dated September 11, 2020 (*id.*, NYSCEF Doc. No. 83).

**160104/2022   SALAMONE, KENNETH vs. DEILY & GLASTETTER, LLP ET AL**            **Page 4 of 13**
**Motion No.  001**

"Although this Court determined that plaintiff properly stated a claim for estoppel to the borrowing defendants' usury defense to the Forbearance Agreement, the first paragraph of the Decision reinstated only some, but not all, of plaintiff's claims under the Forbearance Agreement."

"Plaintiff therefore respectfully seeks reargument of the Decision to make clear that defendants' pre-answer motion to dismiss plaintiff's claims under the Forbearance Agreement should be denied at the pleading stage, including plaintiff's claims for the additional 10% interest on the principal loan balance after November 27, 2019 as provided under the Forbearance Agreement, as well as plaintiff's claim for the discrete 'forbearance fee,' which was a separately negotiated remedy under the Forbearance Agreement."

"Despite determining that 'plaintiff alleged sufficient facts to establish a special relationship with defendant borrowers that would state a claim for estoppel," (Decision, pg. 2), the Decision only reinstated some of plaintiff's remedies under the Forbearance Agreement, namely, plaintiff's rights to the financial disclosures, the membership interests, and attorneys' fees" (*id.*, ¶¶ 3, 4, 11).

In opposition, the Non-Party Borrowers argued that *Seidel v 18 E. 17th St. Owners*, 79 NY2d 735, 743 [1992], relied upon by the First Department, held that to properly assert estoppel, two elements must be alleged, that is (i) a special relationship with the lender; and (ii) that the borrower induces reliance on the legality of the transaction. The Non-Party Borrowers argue that although the First Department did determine that the special relationship element was met, the First Department Decision did not determine that the Non-Party Borrowers induced plaintiff to rely on the legality of the transaction. The Non-Party Borrowers posit "that is likely because [plaintiff] has not ever alleged the reliance element in this case" (*id.*, NYSCEF Doc. No. 14 at ¶ 9). In reply, plaintiff references his reply papers in the Borrower Litigation and asserts that reliance was properly alleged.

By Order, dated July 6, 2021, the First Department denied plaintiff's motion to reargue its Decision and Order, entered on April 20, 2021 (NYSCEF Doc. No. 12 [this matter]).

**160104/2022  SALAMONE, KENNETH vs. DEILY & GLASTETTER, LLP ET AL**
**Motion No. 001**

**Page 5 of 13**

5 of 13

*This action*

The Complaint pleads a first cause of action for legal malpractice against the Firm and

Hoffman. The complaint alleges that:

"But for the erroneous and substantively deficient drafting and advice of defendants, plaintiff would not have entered into the Forbearance Agreement drafted by defendants, but would have enforced his rights under the Demand Note, and separately documented the agreement to compensate plaintiff for his lost opportunity to immediately repurchase the Apple stock he liquidated to fund the 30-day loan."

"Defendants should not have drafted a facially usurious Forbearance Agreement and advised plaintiff to execute it."

"As such, defendants failed to exercise the care, skill and diligence commonly possessed and exercised by commercial litigators in New York."

"Plaintiff would also not have incurred considerable legal fees expended in exhausting all possible procedural avenues to avoid, minimize, or reduce the damage caused by the usurious Forbearance Agreement that defendants drafted, much of which was not reimbursed to plaintiff" (NYSCEF Doc. No. 1 [complaint], ¶¶ 40, 46, 47).

The complaint pleads a second cause of action for vicarious liability and respondeat

superior as against the Firm alleging that the Firm is liable for the acts, omissions and

misconduct of Hoffman and that plaintiff suffered substantial damage as a result thereof (*id.*, ¶¶

53-55).

In lieu of serving an answer, defendants move to dismiss the complaint. Submitted in

support of the motion are copies of documents in the Borrower Litigation including an Affidavit

of Plaintiff, the Judgment and Satisfaction of Judgment and the First Department Decision

(NYSCEF Doc. Nos. 7-12). Plaintiff opposes the motion.

STANDARD OF REVIEW

Dismissal under CPLR 3211 (a) (1) is warranted where the documentary evidence utterly

refutes the plaintiff's allegations and conclusively establishes a defense as a matter of law

(*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc.*, 37

**160104/2022  SALAMONE, KENNETH vs. DEILY & GLASTETTER, LLP ET AL**
**Motion No. 001**

**Page 6 of 13**

6 of 13

[* 6]

NY3d 169, 175 [2021]). "A paper will qualify as 'documentary evidence' only if it satisfies the following criteria: (1) it is 'unambiguous'; (2) it is of 'undisputed authenticity'; and (3) its contents are 'essentially undeniable'" (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019] [internal citation omitted]).

On a motion brought under CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). The court need not extend such consideration to bare legal conclusions or claims that are contradicted by documentary evidence (*Myers v Schneiderman*, 30 NY3d 1, 11 [2017], *rearg denied* 30 NY3d 1009 [2017]; *Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 AD3d 128, 135 [1st Dept 2014]). Dismissal is warranted where "the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

## DISCUSSSION

"[T]o sustain a claim for legal malpractice, a plaintiff must establish both that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff" (*AmBase Corp. v Davis Polk & Wardell*, 8 NY3d 428, 434 [2007]; *Leder v Spiegel*, 31 AD3d 266, 267 [1st Dept 2006], *affd* 9 NY3d 836 [2007], *cert denied sub nom. Spiegel v Rowland*, 522 US 1257 [2008] [stating that plaintiff must establish "the negligence of the attorney; that the negligence was the proximate cause of the loss sustained; and actual damages"]). "An attorney's conduct or inaction is the proximate cause of a plaintiff's damages if but for the attorney's negligence the plaintiff

**160104/2022  SALAMONE, KENNETH vs. DEILY & GLASTETTER, LLP ET AL**
**Motion No. 001**

**Page 7 of 13**

7 of 13

[* 7]

would have succeeded on the merits of the underlying action or would not have sustained actual and ascertainable damages" (*Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d 40, 50 [2015], *rearg denied* 27 NY3d 957 [2016] [internal quotation marks and citation omitted]). To survive dismissal, the complaint must plead facts sufficient to establish proximate cause (*see Cherry Hill Mkt. Corp. v Cozen O'Connor P.C.*, 118 AD3d 514, 514 [1st Dept 2014]). "Unsupported factual allegations, conclusory legal argument or allegations contradicted by documentation, do not suffice" (*Dweck Law Firm v Mann*, 283 AD2d 292, 293 [1st Dept 2001]). The complaint must also plead actual damages, not "damages [that] are purely speculative and not yet ripe" (*Miami Capital, LLC v Hurwitz*, 174 AD3d 414, 414 [1st Dept 2019]).

Giving plaintiff the benefit of every possible favorable inference, the complaint fails to state a cause of action for legal malpractice. To begin, "an attorney is obligated to know the law relating to the matter for which he/she is representing a client and it is the attorney's duty, if he has not knowledge of the statutes, to inform himself, for, like any artisan, by undertaking the work, he represents that he is capable of performing it in a skillful manner" (*Fielding v Kupferman*, 65 AD3d 437, 440 [1st Dept 2009] [internal quotation marks and citations omitted]). Here, plaintiff complains that defendants failed to exercise the ordinary, reasonable skill and knowledge commonly possessed by a member of the legal community by drafting a facially usurious Forbearance Agreement (NYSCEF Doc No. 1 [complaint], ¶ 39). Plaintiff alleges further that "but for" defendants' deficient drafting of said agreement, plaintiff would have immediately pursued his rights under the Demand Note and in addition would have separately documented an agreement to compensate him for his lost opportunity to immediately repurchase Apple stock. Plaintiff argues that the part of the Forbearance Agreement that provided for a Forbearance Fee was intended to provide such reimbursement.

**160104/2022   SALAMONE, KENNETH vs. DEILY & GLASTETTER, LLP ET AL**
**Motion No. 001**

**Page 8 of 13**

*Motion to Dismiss Pursuant to CPLR § 3211 (a) (1)*

With respect to CPLR 3211 (a) (1), defendants contend that the documentary evidence establishes that plaintiff was induced to include the forbearance fee as consideration for plaintiff's agreement to refrain from immediately commencing an action against the Non-Party Borrowers, and that the Forbearance Agreement was prepared by defendants based on this understanding. Defendants rely on the plaintiff's affidavit submitted in the Borrower Litigation wherein plaintiff states that the Non-Party Borrowers "specifically and vigorously negotiated the amount of the Forbearance Fee, and expressly acknowledged and understood that this Forbearance Fee was in no way to be treated as an additional interest charge or disguised interest" (NYSCEF Doc. No. 7 [Plaintiff's Affidavit], ¶ 32). "Plaintiff had a special relationship with [Non-Party] Borrowers which estopped them from claiming that the Forbearance Fee amounted to usury" (NYSCEF Doc. No, 4 [Defendants' MOL in Support] at 9). Defendants argue that given the documentary evidence demonstrating that the Non-Party Borrowers initiated the idea of a Forbearance Fee, they are estopped from taking an inconsistent position and claiming that defendants herein committed legal malpractice. In opposition, plaintiff argues that defendants have failed to submit documentary evidence demonstrating that plaintiff did not rely on defendants' representations in executing the Forbearance Agreement.

At oral argument, this Court stated that defendants' motion to the extent it is based on CPLR 3211(a) (1), the evidence "is not so conclusive". As such, this Court declined to dismiss the action pursuant to CPLR 3211 (a) (1) based on documentary evidence (Tr. Oral Argument at 33-34). The documentary evidence presented herein is not unambiguous and is not "essentially undeniable" (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d at 193).

*Motion to Dismiss Pursuant to CPLR 3211 (a) (7)*

In the Borrower Litigation, plaintiff submitted an affidavit essentially propounding the special relationship he had with the Non-Party Defendants. The First Department concurred finding that plaintiff alleged sufficient facts in the Borrower Litigation to establish that plaintiff had a special relationship with the Non-Party Defendants that would state a claim for estoppel. After determining a special relationship that would state a claim for estoppel, the First Department went on to note that it is only in the absence of such estoppel, that the Forbearance Agreement would be void as usurious and the Forbearance Fee is properly considered interest. The First Department determined that the purpose of the Forbearance Agreement "by plaintiff's own account was to compensate him for the losses he sustained in providing the loan to defendants." In support, the First Department cited *Seidel v 18 E. 17th St. Owners*, 79 NY2d 735, 743 [1992] which held "a borrower may be estopped from imposing a usury defense when, through a special relationship with the lender, the borrower induces reliance on the legality of the transaction."

Finding facts sufficient to establish a special relationship between plaintiff and the Non-Party Borrowers, the Court reinstated plaintiff's causes of action for certain financial disclosures, membership interests and attorneys' fees under the Forbearance Agreement. However, the Court sustained the lower court decision to the extent that the lower court dismissed plaintiff's cause of action to recover the Forbearance Fee itself.

Here, the course pursued by defendants was reasonable and had a viable legal basis. Plaintiff himself averred in his affidavit submitted in the Borrower Litigation that the Forbearance Agreement was prepared on the basis that he and Sridhar had a long-standing

**160104/2022  SALAMONE, KENNETH vs. DEILY & GLASTETTER, LLP ET AL**
**Motion No. 001**

**Page 10 of 13**

10 of 13

[* 10]

business relationship and were financial partners in a start-up venture company and that Sridhar asked plaintiff to enter into the Forbearance Agreement, which included the Forbearance Fee.

Moreover, considering that the First Department (i) upheld the Forbearance Agreement in part; and (ii) determined there to be "sufficient facts to establish a special relationship with defendant borrowers that would state a claim for estoppel," plaintiff cannot now be heard to complaint that defendants committed legal malpractice in preparing an allegedly usurious Forbearance Agreement. Where an attorney selects a reasonable course, even if the course chosen does not lead to a full recovery, does not make the lawyer's conduct unreasonable and constitute malpractice (*Brookwood Cos., Inc. v Alston & Bird LLP*, 146 AD3d 662, 667 [1st Dept 2017]).

With respect to plaintiff's allegation of damages, the complaint alleges that he sustained damages because he (i) would have enforced his rights under the Demand Note; (ii) would have separately documented an agreement to compensate plaintiff for his lost opportunity, (iii) and incurred legal fees in minimizing the damage caused by the usurious Forbearance Agreement (NYSCEF Doc. No. 1 [complaint], ¶ 40).

As to damages incurred on collecting on the Demand Note, plaintiff suffered no damages. On November 9, 2020, Justice Sherwood entered a Judgment in plaintiff's favor in the amount of $2,262,702.44 representing the total amount of the principal the Non-Party Borrowers owed to plaintiff under the Demand Note ($2 million), plus interest and attorneys' fees and costs (NYSCEF Doc. No. 8). In addition, a Satisfaction of Judgment was filed on February 24,2021 stating that the Judgment was paid in full and the sum of $0.00 remains unpaid (NYSCEF Doc. No. 9).[6]

---

[6] Plaintiff's claim that Justice Sherwood's award of legal fees was reduced has no bearing on this legal malpractice claim (*see* NYSCEF Doc. No. 1 [complaint], ¶ 40).

**160104/2022 SALAMONE, KENNETH vs. DEILY & GLASTETTER, LLP ET AL**
**Motion No. 001**

Page 11 of 13

[* 11]

The complaint also fails to plead any facts to show that plaintiff would have secured a more favorable outcome if he would not have entered into the Forbearance Agreement drafted by defendants' given that plaintiff was made whole under the Demand Note, and the Forbearance Agreement was upheld by the First Department in part. Plaintiff has also recovered legal fees in connection with enforcing the Demand Note. The allegation of additional legal fees arising out of plaintiff's efforts to recover the Forbearance Fee does not support a legal malpractice claim against defendants. Both the First Department Decision and plaintiff's affidavit establish there was a legal basis for the Forbearance Agreement as sufficient facts established a special relationship between plaintiff and the Non-Party Borrowers which would thereby estop the Non-Party Borrowers from claiming that the Forbearance Fee was void as usurious.

In view of the above determination, plaintiff's second cause of action for vicarious liability and respondeat superior as against the Firm is dismissed as moot.

## CONCLUSION

Accordingly, it is

ORDERED that the motion by defendants Deily & Glastetter, LLP and Leigh A. Hoffman, Esq. to dismiss the complaint brought by plaintiff Kenneth Salamone (motion sequence no. 001) is granted, and the complaint is dismissed in its entirety as against said defendants, with costs and disbursements to said defendant as taxed by the Clerk of the Court,

**160104/2022  SALAMONE, KENNETH vs. DEILY & GLASTETTER, LLP ET AL**
**Motion No.  001**

**Page 12 of 13**

12 of 13

[* 12]

and the Clerk is directed to enter judgment accordingly in favor of said defendants.

_MAY 3, 2024_
DATE

/\/

SHLOMO S. HAGLER, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160104/2022  SALAMONE, KENNETH vs. DEILY & GLASTETTER, LLP ET AL**
Motion No.  001

Page 13 of 13

13 of 13