Salamone v Deily & Glastetter, LLP (2025 NY Slip Op 04846)

Salamone v Deily & Glastetter, LLP

2025 NY Slip Op 04846

Decided on September 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 04, 2025

Before: Renwick, P.J., Kern, Gesmer, Rosado, O'Neill Levy, JJ. 

Index No. 160104/22|Appeal No. 4331|Case No. 2024-03176|

[*1]Kenneth Salamone, Plaintiff-Appellant,
v
Deily & Glastetter, LLP, et al., Defendants-Respondents.

Simon Lesser PC, New York (Leonard F. Lesser of counsel), for appellant.
Goldberg Segalla LLP, New York (Peter J. Biging of counsel), for respondents.

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered May 8, 2024, which granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion denied.
In his complaint, plaintiff alleges that defendants "breached their duties of care, skill, and diligence" by drafting and urging plaintiff to execute a forbearance agreement that included a provision for a "forbearance fee" that was unenforceable and made the forbearance agreement "facially usurious." As set out more fully below, the complaint adequately pleads a cause of action for malpractice against defendants and accordingly, the motion court erred in granting the motion to dismiss.
On a motion to dismiss for failure to state a cause of action (CPLR 3211[a][7]), we liberally construe the pleading and afford plaintiff every possible beneficial inference in determining whether the facts alleged fit within any cognizable legal theory. On a motion to dismiss based on documentary evidence (CPLR 3211[a][1]) the question is whether plaintiff has a cause of action, not whether he has stated one (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Guggenheimer v Ginzberg, 43 NY2d 268, 272 [1977]). Dismissal is warranted where documentary evidence utterly refutes plaintiff's allegations and conclusively establishes a defense as a matter of law (see Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 175 [2021]).
"In order to state a cause of action for legal malpractice, the complaint must set forth three elements: the negligence of the attorney; that the negligence was the proximate cause of the loss sustained; and actual damages" (Mamoon v Dot Net Inc., 135 AD3d 656, 658 [1st Dept 2016], quoting Leder v Spiegel, 31 AD3d 266, 267 [1st Dept 2006]). In particular, a party may assert a cause of action alleging legal malpractice where the defendant lawyer created a usurious loan document that does not fall under any exceptions to the usury laws (see DeStaso v Condon Resnick, LLP, 90 AD3d 809, 812-813 [2d Dept 2011]).
The complaint alleges the following facts. In 2019, plaintiff-appellant Kenneth Salamone retained defendant Deily & Glastetter, LLP (D&G) and its partner, defendant Leigh A. Hoffman, Esq.,[FN1] to provide legal advice and drafting assistance in connection with plaintiff's 30-day loan of $2,000,000 jointly to nonparties EIP Global Fund, LLC and Sridhar Chityala, plaintiff's partner in another company (the nonparties). Hoffman drafted a demand note for the loan, which plaintiff and the nonparties executed on October 11, 2019. Mr. Chityala signed the note personally and on behalf of EIP. The demand note was due and payable on November 10, 2019 and required the nonparties to pay 10% annual interest on the principal. When the nonparties failed to repay the loan, plaintiff and the nonparties agreed that plaintiff would forbear from enforcing his rights under the demand note for an additional 30 days and the nonparties would pay plaintiff an additional sum of $300,000 to compensate him for his lost opportunity damages resulting from his inability to promptly repurchase Apple stock he had liquidated to fund the original 30-day loan. D&G drafted and counseled plaintiff to sign a forbearance agreement that: (1) imposed a higher interest rate of 20% per year on the unpaid principal commencing on November 27, 2019; (2) set forth the nonparties' agreement to pay plaintiff $300,000 as a "forbearance fee"; (3) provided that the nonparties would be liable for plaintiff's counsel fees incurred to enforce the demand note or the forbearance agreement; and (4) granted plaintiff a security interest in certain of Mr. Chityala's membership interests in EIP and other companies (the Membership Interests), in order to secure the nonparties' obligations under the demand note and the forbearance agreement.
The forbearance agreement did not set a specific date for payment, but provided that if the nonparties paid the sums due under the default notice by December 4, 2019, the forbearance fee would be reduced to $250,000, and the total sums due to plaintiff would be $2,319,876.70 "plus per diem interest at 20%." It further provided, "[u]pon payment of the Default Amounts plus all accrued interest, plus the Forbearance Fee on or before December 17, 2019," plaintiff would deliver a release to the nonparties.
When the nonparties failed to comply with the terms of the forbearance agreement, D&G commenced an action against them on plaintiff's behalf seeking: (1) a declaratory judgment that plaintiff is entitled to certain financial disclosure provided for in the forbearance agreement; (2) a declaratory judgment that he is entitled to the Membership Interests; (3) damages for fraud; (4) damages for breach of the demand note and forbearance agreement in the amount of $2,369,918.50 [FN2] "plus interest from November 27, 2019 in the amount set forth in the forbearance agreement"; and (5) injunctive relief.
The nonparties moved to dismiss, arguing, among other things, that the claims for relief based on breach of contract should be dismissed because the rate of interest was usurious. Specifically, the nonparties argued that since plaintiff sought payment of $2,369,918.50 as of November 27, 2019 on the October 11, 2019 loan of $2,000,000, plaintiff sought interest totaling 143.6% per year.
D&G opposed the motion and cross-moved for summary judgment in plaintiff's favor. Counsel argued that the forbearance fee was additional principal, not interest. They further asserted that neither EIP nor Mr. Chityala could assert a civil usury defense based on the value of the loan under General Obligations Law § 5-501(6)(a) ("[n]o law regulating the maximum rate of interest . . . except [Penal Law §§ 190.40; 190.42] shall apply to any loan or forbearance" in the amount of $250,000 or more). Furthermore, since the annual interest rates charged on the face of the forbearance agreement did not reach or exceed the criminal usury rate of 25% per year (Penal Law § 190.40), D&G argued that the forbearance agreement was not usurious. D&G did not argue that the nonparties were estopped from claiming that the forbearance agreement was usurious because plaintiff and the nonparties had a "special relationship" (see Seidel v 18 E. 17th St. Owners, 79 NY2d 735, 743 [1992] ["a borrower may be estopped from interposing a usury defense when, through a special relationship with the lender, the borrower induces reliance on the legality of the transaction"]), nor did the forbearance agreement assert such a relationship.
Supreme Court's decision noted that General Obligations Law § 5-501(2) provides that "the amount charged, taken or received as interest shall include any and all amounts paid or payable, directly or indirectly, by any person, to or for the account of the lender in consideration for making the loan or forbearance." It held that the forbearance agreement was usurious because the "forbearance fee" constitutes interest for the purpose of the usury law. It further held that plaintiff was entitled to sums due under the demand note (see Salamone v EIP Glob. Fund, LLC, 2020 NY Slip Op 32295[U] *6 [Sup Ct, NY County 2020], citing General Obligations Law §§ 5-501(2); 5-521, and Penal Law § 190.40). Accordingly, Supreme Court dismissed all of plaintiff's causes of action except for so much of his breach of contract claim as alleged breach of the demand note. On November 9, 2020, Supreme Court entered a judgment in plaintiff's favor on the demand note in the amount of $2,262,702.44, consisting of the principal amount of the loan with 10% pre-judgment interest and 9% postjudgment interest, and $45,000 representing approximately 60% of D&G's fees billed to plaintiff at that time.
Plaintiff appealed. D&G argued on appeal that the nonparties were estopped from asserting a usury defense because of their special relationship with plaintiff.[FN3] By decision and order dated April 20, 2021, this Court modified the motion court's order. We denied the nonparties' motion to dismiss as to plaintiff's causes of action for declaratory judgments that he is entitled to certain financial discovery under the forbearance agreement and to the Membership interests, denied the motion as to the cause of action for contractual attorneys' fees under the forbearance agreement, and otherwise affirmed.
This Court found that plaintiff had alleged sufficient facts to establish a special relationship with the nonparties that would support a claim for estoppel, and that "[i]n the absence of estoppel, the forbearance agreement is otherwise void as usurious and the forbearance fee is properly considered interest" (Salamone v EIP Glob. Fund LLC, 193 AD3d 558, 558 [1st Dept 2021]). In reaching that holding, we cited Seidel v 18 E. 17th St. Owners (79 NY2d 735), in which the Court of Appeals held that "a borrower may be estopped from interposing a usury defense when, through a special relationship with the lender, the borrower induces reliance on the legality of the transaction" and that even under those circumstances, the borrower is "entitled, at most, to recovery of the amount advanced, with legal interest" (id. at 743).
Accordingly, this Court's order permitted plaintiff to pursue his claims under the forbearance agreement for certain financial discovery, transfer of the Membership Interests, and counsel fees. However, because the estoppel defense could only result in recovery of the amount advanced with legal interest (id.), plaintiff could not seek recovery of the $300,000 forbearance fee. Had this Court intended that plaintiff be permitted to seek recovery of the forbearance fee on an estoppel theory, it would have further modified the motion court's order by reinstating plaintiff's cause of action for breach of the forbearance agreement, but it did not do so. Accordingly, we reject defendants' claim in this appeal that this Court's prior order "paved the way for plaintiff to recover the Forbearance Fee."
On November 26, 2022, plaintiff commenced this action against D&G and Hoffman seeking damages for legal malpractice. The complaint alleges that, had defendants not drafted a facially usurious forbearance agreement and counseled plaintiff to sign it, he would have "enforced his rights under the Demand Note, and separately documented the [prior] agreement [by discussions and communications with the nonparties] to compensate Plaintiff for his lost opportunity to immediately repurchase the Apple stock he liquidated to fund the 30-day loan. Plaintiff would also not have incurred considerable legal fees expended in exhausting all possible procedural avenues to avoid, minimize, or reduce the damage caused by the usurious Forbearance Agreement that Hoffman drafted, much of which was not reimbursed to Plaintiff."
Defendants moved to dismiss. The motion court granted dismissal for failure to state a cause of action (CPLR 3211[a][7]).
Defendants state two reasons why the motion court properly dismissed the complaint. First, defendants argue that defendants could not have committed malpractice given this Court's previous finding that plaintiff adequately alleged a "special relationship" with the nonparties to support an estoppel defense in the earlier action. Second, defendants view plaintiff's claim for damages as "speculative." We reject both arguments.
Defendants' inclusion in the forbearance agreement of an unenforceable provision that made the agreement facially usurious resulted in additional legal fees for plaintiff, a substantial portion of which have not been reimbursed. The fact that this Court previously found that plaintiff adequately demonstrated in the earlier appeal that he had a "special relationship" sufficient to make out an estoppel claim against the nonparties in the earlier action does not establish that D&G selected a reasonable strategy to accomplish plaintiff's goals (see Dweck Law Firm v Mann, 283 AD2d 292, 293 [1st Dept 2001] ["Attorneys may select among reasonable courses of action in prosecuting their clients' cases. . . . a purported malpractice claim that amounts only to a client's criticism of counsel's strategy may be dismissed"]). Indeed, the fact that defendants failed to raise the estoppel argument until after the case was before this Court strongly suggests that this was not D&G's strategy at all, but a belated attempt to cover up their errors. Moreover, whether it was a strategy or not, the estoppel claim could not and did not result in plaintiff recouping his lost opportunity costs. Furthermore, for the reasons discussed above, contrary to defendant's claim, this Court's prior order does not permit plaintiff to seek the $300,000 forbearance fee under an estoppel theory.
Plaintiff in a malpractice action must ultimately prove that the attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). "An attorney is obligated to know the law relating to the matter for which he/she is representing a client and it is the attorney's duty, if he has not knowledge of the statutes, to inform himself, for, like any artisan, by undertaking the work, he represents that he is capable of performing it in a skillful manner" (Fielding v Kupferman, 65 AD3d 437, 440 [1st Dept 2009] [internal quotation marks omitted]). On this record, we find that D&G did not meet their obligation to exercise ordinary skill in representing plaintiff in this transaction by drafting an unenforceable provision that made the forbearance agreement facially usurious.
We also reject the argument that plaintiff's damages claim is "speculative." "To survive a pre-answer motion to dismiss pursuant to CPLR 3211(a)(7), a pleading need only state allegations from which damages attributable to the defendant's conduct may reasonably be inferred" (Fielding, 65 AD3d at 442 [internal quotation marks omitted]). Here, plaintiff seeks damages to reimburse him for the counsel fees he incurred in attempting to "avoid, minimize or reduce the damage caused" by the facially usurious forbearance agreement defendants drafted and advised him to sign (see Rudolf, 8 NY3d at 443). Accordingly, plaintiff's damages attributable to defendants' conduct are not speculative and can be easily inferred from the complaint.
However, plaintiff is not entitled to pursue his claim that but for defendants' actions, he would have "separately documented the [prior] agreement [by discussions and communications with the nonparties] to compensate Plaintiff for his lost opportunity to immediately repurchase the Apple stock he liquidated to fund the 30-day loan." As made clear in this decision, plaintiff is not entitled to recoup his lost opportunity costs beyond the amount he has already obtained a judgment for as that would result in an unenforceable usurious loan, whether or not an estoppel claim lies. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 4, 2025

Footnotes

Footnote 1: The complaint alleges that D&G merged with and/or joined Lippes Mathias Wexler Friedman, LLP (LMWF) on February 1, 2020, and that defendant Hoffman is currently a partner at LMWF. 

Footnote 2: This figure is the same as the "Default Amount" total set forth at paragraph 2 of the forbearance agreement.

Footnote 3: D&G also raised the estoppel argument in a reargument motion to the motion court, which was denied because D&G had not raised this argument in opposition to the motion.